IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES H. MCCLENTON | § | |
| | § | |
| v. | § | C.A. NO. C-06-322 |
| | § | |
| MCCONNELL UNIT | § | |

**AMENDED MEMORANDUM AND RECOMMENDATION**
**TO DENY PLAINTIFF'S MOTION TO REOPEN HIS ACTION**

This is a civil rights action filed by a prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion to reopen his case. (D.E. 16).

## I. BACKGROUND

Plaintiff, a prisoner proceeding pro se, filed his civil rights complaint on July 19, 2006. (D.E. 1). This complaint, a one-page typed letter, addressed a riot at the McConnell Unit on February 20, 2006. Id. He further alleged that sexual assaults were happening. Id.

On July 26, 2006, a notice of deficient pleading was sent to him indicating that he either had to pay the $350.00 filing fee, or file a motion to proceed in forma pauperis with a certified copy of his inmate trust fund account statement. (D.E. 4). The notice of deficient pleading warned plaintiff that if he "fails to comply on time, the Court may dismiss this case for want of prosecution." Id.

On August 17, 2006, an order to show cause was issued requiring plaintiff to "correct the deficient pleading, or alternatively, show cause as to why this action should not be dismissed for want of prosecution." (D.E. 5). On August 25, 2006, he responded to this order to show cause. (D.E. 6). Among other things, he indicated "I am at this time indigent. I don't have $350 dollars. I want to take this to Court but don't have the funds." Id. at 2. Based on this response, the Court issued an order requiring "that plaintiff ... file an application for leave to proceed in forma pauperis with a copy of his inmate account statement no later than Tuesday, September 12, 2006." (D.E. 7, at 2). In response, plaintiff filed a one-page letter referencing paranoid assertions that prison officials are invading his brain and his thoughts. (D.E. 8).

On September 13, 2006, a memorandum and recommendation was issued recommending the dismissal of plaintiff's action for failure to prosecute. (D.E. 9). Plaintiff never filed any objections to this memorandum and recommendation. On October 19, 2006, this Court adopted the recommendation and entered final judgment. (D.E. 13, 14).

On March 30, 2007, plaintiff filed the pending motion to "reopen the riot case." (D.E. 16, at 1). He again references a riot that allegedly happened at the McConnell Unit on February 20, 2006. Id. at 2. He further alleges that "I know

other human beings they are invading in my thoughts and mind, eyes, and in all other funcations [sic] in my body." Id. at 3.

To date, plaintiff has not paid the $350 filing fee, or sought to proceed *in forma pauperis* in this action. Consequently, his action has not been screened pursuant to 28 U.S.C. § 1915A, including the scheduling of a Spears hearing.[1]

## II.  DISCUSSION

Plaintiff's motion is construed as seeking relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. This rule provides parties with the means to seek relief from any judgment or order of the Court. The rule sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge or release of the judgment. Fed. R. Civ. P. 60(b)(1)-(5). In addition, Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6).

Plaintiff's motion provides additional details about the February 20 riot that were not mentioned in his original complaint. "Rule 60(b)(2) provides that a court

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

may relieve a party from final judgment based on 'newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005) (citation omitted); accord General Universal Sys., Inc. v. Lee, 379 F.3d 131, 158 (5th Cir. 2004). Moreover, "'[t]o succeed on a motion for relief from judgment based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" Hesling, 396 F.3d at 639 (citation omitted); accord General Universal Sys., 379 F.3d at 158. To the extent that there are new facts and allegations in plaintiff's motion, it is respectfully recommended that they do not provide a basis for relief pursuant to Rule 60(b)(2).

To the extent that plaintiff seeks relief pursuant to Rule 60(b)(6) based on the same allegations, it is respectfully recommended he cannot prevail. Relief is unavailable where the basis for his Rule 60(b)(2) motion is the same as his Rule 60(b)(6) motion. See Hesling, 396 F.3d at 643 ("Hesling cannot obtain relief under 60(b)(6) where the allegations of fraud or misconduct are essentially the identical grounds for relief sought under her 60(b)(3) motion.").

## III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that plaintiff's motion to reopen his case, (D.E. 16), be denied.

Respectfully submitted this 1st day of May 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **TEN (10) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).